ABRAHAM HARRIS & another vs. FREDERICK THAYER.

Worcester. October 1. — 21, 1878. AMES & SOULE, JJ., absent.

In an action for goods sold and delivered, the defendant filed a declaration in set-off, alleging that during the two preceding years he had paid the plaintiff for goods according to the weights marked on them by the plaintiff, while the true weights were much less. There was evidence that during the two years the defendant had purchased of the plaintiff a large quantity of goods; that during this period the defendant and his men had noticed an unusual shrinkage in his stock; that after the goods sued for were delivered, and during the month before, the defendant caused to be weighed certain bales of stock sent him by the plaintiff, and found the weight of every bale to be uniformly much less than the weight marked thereon by him; that one of these bales had been in the defendant's storehouse nearly two years, the others having been delivered about the time of weighing; that the defendant could only ascertain the deficiency in the weight of the goods sold him by the plaintiff, save where he weighed them, by estimate from his books and the plaintiff's bills; that one of the defendant's men had noticed that one grade of stock, which fell short, mostly came from the plaintiff; and that for over a year the defendant had no scales, which the plaintiff knew. There was no evidence of any deficiency in weight in stock sold to the defendant by third persons; and the plaintiff offered no evidence to explain the detected deficiencies in weight, or to show that they were accidental or exceptional. The judge refused to rule, as requested by the plaintiff, that the defendant could recover under his declaration in set-off only for such deficiencies as were proved by actually weighing the goods, and that the evidence would not warrant the jury in finding any larger sum in his favor. Held, that the ruling was rightly refused.

In an action by two persons alleged to be partners, one of the plaintiffs was asked, on cross-examination, against the plaintiffs' objection, whether he was a partner with the other plaintiff named in the writ; whether a third person was his partner; and how much capital he put into the partnership. The jury returned a verdict for the plaintiffs; and they alleged exceptions which did not state the answers to these questions. Held, that it did not appear that the plaintiffs had any ground of exception.

CONTRACT by Abraham Harris and C. Herrman. The writ described the plaintiffs as copartners doing business under the firm name of Harris & Herrman. Writ dated November 15, 1876. The declaration was as follows: "And the plaintiffs say that the defendant owes them $1017.92, according to the account hereto annexed." The account annexed contained nine items for goods sold and delivered in September and October, 1876. The answer denied each and every allegation in the declaration and account annexed. The defendant also filed a declaration in set-off to recover $1126.37, alleging that on December 28, 1874, and on various days between that time and

September 1, 1876, he had purchased goods of the plaintiffs, which were sent to him with the weights marked thereon, that these weights were not the true weights, but much greater; that he had paid for the goods according to the weights marked, and thus had paid the plaintiffs for goods not received.

The case was sent to an auditor, who found that the plaintiffs were entitled to recover on their declaration $850.48, and that the defendant was entitled to recover on his declaration in set-off the sum of $70.72, leaving a balance due the plaintiffs of $779.76, and interest from the date of the writ.

The case was then tried in the Superior Court, before *Aldrich*, J.; the jury returned a verdict for the plaintiffs for $425; and the plaintiffs alleged exceptions, the substance of which appears in the opinion.

*B. W. Potter*, for the plaintiffs.

*F. P. Goulding*, for the defendant.

MORTON, J. The principal question presented by the bill of exceptions is, whether there was sufficient evidence to justify the verdict of the jury, which allowed to the defendant a considerable part of the amount claimed by him in set-off. There was evidence that the defendant had been dealing with the plaintiffs for nearly two years, during which period he had purchased of them goods to the amount of between seven and eight thousand dollars, being stock used by him in the manufacture of shoddy; that during this period he and the men in his employ had noticed that there was an unusual shrinkage in the stock used by him, estimated to be 20 to 25 per cent.; that in August, September and October, 1876, he caused to be weighed about fifteen bales of the stock sent him by the plaintiffs, and found the weight of every bale to be much less than the weight marked thereon by the plaintiffs; that one of these was a bale delivered in January, 1875, which had remained in the defendant's storehouse, the others having been delivered about the time they were weighed; and that the defendant had no means of ascertaining the exact deficiency in the weight of the goods sold him by the plaintiffs, except in the cases where he had weighed the bales, but made up his account in set-off by estimate from the several bills of the plaintiffs and from his books. One of the defendant's men testified that he noticed that one grade of stock

which fell snort mostly came from the plaintiffs. There was also evidence that the defendant began the manufacture of shoddy in December, 1874, in an old mill, and had no scales until March, 1876, and that Harris, one of the plaintiffs, knew how he was situated. There was no evidence of any deficiency in weight in the stock sold by other parties to the defendant and manufactured by him. It is also to be noted that the plaintiffs offered no evidence to explain the deficiencies in weight which were detected by actual weighing, or to show that they were accidental or exceptional.

The plaintiffs asked the court to rule, in substance, that the defendant could recover, under his declaration in set-off, only for such deficiencies as he had proved by actually weighing the stock or the products, and that the evidence would not warrant the jury in finding any larger sum in his favor. The judge read the request to the jury, but qualified it as follows : " I do instruct you that you must not proceed upon conjecture and suspicion, but I do not instruct you that the mode suggested is the only way that the defendant might get at the loss or short weight. If upon a fair consideration of all the evidence in the case, including the auditor's report, you are able to ascertain the loss or short weight, in any other way than that suggested in the plaintiffs' request for instruction, you are at liberty to do so. And if you find that there was an intentional purpose on the part of the plaintiffs to defraud the defendant by short weight on the items of the account they have sued on, then that is a fact you may properly consider in connection with the whole evidence in the case, in deciding whether there was short weight on the other goods previously sold to the defendant by the plaintiffs, and which are included in the defendant's declaration in set-off." We are of opinion that the ruling requested was properly refused, and that the case was submitted to the jury under correct instructions.

The evidence in the case would justify the conviction in the minds of the jury that the plaintiffs, throughout their dealings with the defendant, had been acting under a deliberate, systematic scheme to defraud him by overmarking the weight of the goods sold to him. It is true that the exact amount of which the defendant has been defrauded cannot now be ascertained

But it was properly left to the jury to ascertain from all the evidence what deficiency in weight was proved. They did not act merely upon conjecture and suspicion. The amounts of the deficiency in the numerous bales which were weighed, indicating something like uniformity in the fraud practised, and the estimates of the defendant and his workmen as to the shrinkage or deficiency in the production, would materially aid the jury in determining the extent to which the defendant was defrauded in the bales which he did not weigh. Taking all the evidence and the inferences to be fairly drawn from it, we cannot say that the jury may not reasonably have been satisfied that the defendant was defrauded to the amount which by their verdict they allowed him upon his account in set-off.

The only other exception taken was to the ruling of the court permitting the defendant to ask the plaintiff Harris, upon cross-examination, whether he was the partner of the plaintiff, C. Herrman, whether Adolph Herrman was not his real partner, and how much capital he put into the partnership?

We do not deem it necessary to discuss the question, whether, under the pleadings in this case, it was competent for the defendant to deny the partnership of the plaintiffs as alleged by them. If we assume that it was not competent, yet the bill of exceptions does not show that the plaintiffs were in any way prejudiced by the questions. The answers are not given, and as the verdict was for the plaintiffs, it is clear that they were not aggrieved by the error, if there was one.

*Exceptions overruled.*